IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI


UNITED STATES OF AMERICA

v.                                                      CRIMINAL NO. 4:07CR159-MPM-EMB

CHRISTOPHER BOLDEN, ET AL.

**ORDER**


**BEFORE THE COURT** is Defendant David Richardson's Motion [doc. 86] for Bill of Particulars filed November 27, 2007. Having considered the same, and notwithstanding the government's failure to respond, the Court is of the opinion that the Motion should be denied.

By this motion, Defendant essentially makes a request for discovery of certain information related to the charges in the indictment. The function of a bill of particulars is to provide the defendant with information about the pending charges that is necessary to the preparation of his criminal case and to avoid prejudicial surprise at trial. A bill of particulars is not intended to allow generalized discovery. *United States v. Davis*, 582 F.2d 947, 951 (5th Cir.1978), *cert. denied*, 441 U.S. 962 (1979). Similarly, it is not designed to compel the government to give a "detailed exposition of its evidence or to explain the legal theories upon which it tends to rely at trial." *United States. v. Burgin*, 621 F.2d 1352, 1359 (5th Cir.), *cert. denied*, 449 U.S. 1015 (1980).

In this case no scheduling order has been entered, and Defendant makes no claim that the government has failed to timely provide discovery materials he is entitled to pursuant to FED.R.CRIM.P. 16. Therefore, defendant's motion for a bill of particulars should be, and the same is hereby, **DENIED**.

**SO ORDERED** this 21st day of December, 2007.


/s/ Eugene M. Bogen
**U. S. MAGISTRATE JUDGE**